JOE S. RANK, County Counsel (SBN 113607)
PAMELA J. WALLS, Assistant County Counsel (SBN 123446)
L. ALEXANDRA FONG, Deputy County Counsel (SBN 208404)
3535 Tenth Street, Suite 300
Riverside, CA 92501-3674
Telephone: (951) 955-6300
Facsimile: (951) 955-6363
e-mail: lafong@co.riverside.ca.us

Attorneys for County of Riverside

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL CARDENAS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF RIVERSIDE, OFFICER RODRIGUEZ, AND DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No. ED CV 07-00452 VAP (OPx)<br><br>**STIPULATION FOR PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**<br><br>**and**<br><br>**[~~PROPOSED~~] ORDER THEREON** |

## STIPULATION

IT IS HEREBY STIPULATED by and through undersigned counsel that:

1. All documents identified in Paragraph 2 below are to be designated as "confidential material" which shall be used solely in connection with the preparation and trial of the within case, Case No. EDCV 07-00452 VAP (OPx) or any related appellate proceeding, and not for any other purpose, including any other litigation, except as otherwise permitted by written agreement of counsel for the parties or by order of a Court of competent jurisdiction. Any "confidential material" produced by Defendants or used in

this litigation will be stamped or otherwise marked in a conspicuous location prior to the production or use of the document in this litigation as follows: **"CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER. CASE NO. EDCV 07-00452 VAP (OPx)."**

2. The following documents are to be produced by Defendant COUNTY as to Defendant Isaias Rodriguez and designated as "confidential material":

   (a) Any internal investigation of the April 2006 incident that is the subject of this lawsuit, including any interviews recorded by any means (audio-cassette, compact disc [CD], videotape, and/or digital video disc [DVD]).

   (b) Any criminal investigation of the April 2006 incident that is the subject of this lawsuit, including any interviews recorded by any means (audio-cassette, compact disc [CD], videotape, and/or digital video disc [DVD]).

3. Confidential material may not be disclosed except as provided in paragraph 4 herein.

4. Confidential material may be disclosed only to the following persons:

   (a) Counsel for any party and any party to this litigation;

   (b) Paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel referred to in Section 4(a);

   (c) Court personnel and stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for and trial of this action , or otherwise at the trial of this action;

   (d) Any outside expert or consultant retained in connection with this action, and not otherwise regularly employed by the parties or their counsel;

   (e) Any "in-house" expert designated by the parties to testify at trial in this matter; and

    (f)    Any investigators employed by the parties in connection with this action.

Nothing in paragraph 4 is intended to prevent officials or employees of the County of Riverside or other authorized governmental officials from having access to the documents if they would have had access in the normal course of their job duties. Further, nothing in this order prevents a witness from disclosing events or activities personally known to him or her, that is, a witness can disclose to others information previously given to the Riverside County Sheriff's Department with respect to what he or she saw, heard, or otherwise sensed.

5.    Each person to whom disclosure is made, with the exception of those identified in paragraph 4 who are presumed to know the contents of this protective order, shall, prior to the time of disclosure, be provided a copy of this order by the person furnishing him/her such material, and shall agree on the record or in writing that he/she has read the protective order, and that he/she understands the provisions of the protective order. Such person also must consent in writing to be subject to the jurisdiction of the United States District Court with respect to any proceeding relating to enforcement of this order, including after the termination of this action for purposes of enforcing the Protective Order. Unless made on the record in this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of said agreement until final termination of this litigation.

6.    If any information and/or documents which are the subject of this Protective Order are presented to this or any other court in any other manner prior to the time of trial, said information and/or documents shall be ~~lodged under seal~~ *Submitted* in an envelope clearly marked as follows: "**CONFIDENTIAL MATERIAL SUBJECT TO A PROTECTIVE ORDER. CASE NO. EDCV 07-00452 VAP (OPx).**" *All such documents and/or information shall comply with Local Rule 79-5.*

STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON

7. At the conclusion of the trial and of any appeal or upon termination of this litigation, all confidential material received under the provisions of this order (including any copies made and/or any computer materials made or stored) shall be tendered back to the attorneys of record for the County of Riverside. Provisions of this order insofar as they restrict the disclosure and use of the material shall be in effect until further order of this Court.

8. By signing and agreeing to this stipulation, Plaintiff is neither stipulating nor agreeing that any of the items identified in paragraph two, above, are in any way privileged or confidential under either California law or under Federal law.

9. The foregoing is without prejudice to the right of any party:

   (a) To apply to the Court or to some court of competent jurisdiction, for a further protective order relating to confidential material or relating to discovery in this litigation;

   (b) To apply to the Court or to some court of competent jurisdiction, for an order removing the confidential material designation from any documents; and

   (c) To apply to the Court for an order modifying this order or for any order permitting disclosure of confidential material beyond the terms of this order.

10. In addition to the above and foregoing, nothing in this order prevents any of the parties to this action referencing any materials deemed confidential under this order in any motion papers filed with the Court in this action, at the hearing of any motion, or at trial.

11. The parties are in disagreement as to whether any findings and/or conclusions contained within the internal investigation of the April 2006 incident that is the subject of this lawsuit should be produced and wishes the court to resolve this dispute.

12. Facsimile signatures are binding as original signatures.

**IT IS SO STIPULATED.**

JOSEPH TILDEN RHEA

Dated: 1/31/08      By: _____
                         Joseph Tilden Rhea
                         Attorneys for Plaintiff

KINKLE RODIGER & SPRIGGS
A Professional Corporation

Dated: _____      By: See 5-B
                         Bruce E. Disenhouse
                         Attorneys for Correctional
                         Deputy Isaias Rodriguez

JOE S. RANK
County Counsel

Dated: _____      By: See 5-B
                         L. Alexandra Fong,
                         Deputy County Counsel
                         Attorneys for County of
                         Riverside

# ORDER

Good cause appearing therefore,

**IT IS SO ORDERED** that:

(1) County of Riverside shall produce the documents described above;

(2) The findings and/or conclusions contained within the internal investigation of the April 2006 incident that is the subject of this lawsuit shall / shall not be produced.

Dated: 2/4/08        _____
                     HONORABLE OSWALD J. PARADA
                     UNITED STATES MAGISTRATE JUDGE

5-A

STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON

12. Facsimile signatures are binding as original signatures.

**IT IS SO STIPULATED**.

JOSEPH TILDEN RHEA

Dated: _____

By: _See 5-A_
Joseph Tilden Rhea
Attorneys for Plaintiff

KINKLE RODIGER & SPRIGGS
A Professional Corporation

Dated: 1/28/08

By: _[signature]_
Bruce E. Disenhouse
Attorneys for Correctional
Deputy Isaias Rodriguez

JOE S. RANK
County Counsel

Dated: 1/31/08

By: _[signature]_
L. Alexandra Fong,
Deputy County Counsel
Attorneys for County of Riverside

## ORDER

Good cause appearing therefore,

**IT IS SO ORDERED** that:

(1) County of Riverside shall produce the documents described above;

(2) The findings and/or conclusions contained within the internal investigation of the April 2006 incident that is the subject of this lawsuit shall / shall not be produced.

Dated: _____

_____
HONORABLE OSWALD J. PARADA
UNITED STATES MAGISTRATE JUDGE

5-B

STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON

TOTAL P.02